IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID LAWRENCE BROCK,

     Plaintiff,

vs.                         CASE NO.: 1:09-cv-000157-SPM-AK

BOARD OF TRUSTEES, UNIVERSITY
OF FLORIDA, and IKRAMUDDIN AUKHIL,
individually,

     Defendant.
_____/

## ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

Pending before the Court is Defendant's Motion for More Definite

Statement (doc. 3) and Plaintiff's response (doc. 10). For the following reasons,

Defendant's motion is denied.

Pursuant to Federal Rules of Civil Procedure 12(e), a Motion for More

Definite Statement should only be granted if a pleading is so "vague or

ambiguous that a party cannot reasonably be required to frame a responsive

pleading." A complaint, however, need not contain a great deal of specificity.

Under the liberal pleading standard of Federal Rule of Civil Procedure 8(a), a

complaint must contain "a short plain statement of the claim showing that the

Case No.: 1:09-cv-000157-SPM-AK

pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's complaint satisfies this standard if it gives each Defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema, N.S., 534 U.S. 506 (2002); Perkins v. Sch. Bd. of Pinellas County, Fla., 152 F.R.D. 227 (M.D. Fla. 1993) .

Here, Defendant contends that Plaintiff's complaint is deficient because Plaintiff (1) pleads each claim in the alternative and (2) fails to put each Defendant on notice as to which claim Plaintiff intends to pursue against them (doc. 3). First, a complaint is not deficient simply because Plaintiff pleads in the alternative. Rather, the Federal Rules allow Plaintiff to plead in the alternative and specifically provides that "[a] party may set out 2 or more statements of a claim or defense alternatively . . . either in a single count or defense or in separate ones." Fed. R. Civ. P 8(d)(2).

Second, the fact that Plaintiff filed a complaint naming multiple defendants is, in and of itself, an insufficient basis to determine that the complaint is incomplete. Plaintiff specifically pursued a whistle blower retaliation claim against Defendant University of Florida (Count I); a First Amendment retaliation claim against Defendant University of Florida (Count II); and a First Amendment retaliation claim against Defendant Ikramuddin Aukhil (Count III) (doc. 1). Thus, each defendant has adequate notice of which claims are being pursued against

them, therefore enabling them to respond to Plaintiff's allegations.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's motion for more definite

statement (doc. 3) is denied.

DONE AND ORDERED this <u>thirtieth</u> day of October, 2009.

<u>s/ Stephan P. Mickle</u>
Stephan P. Mickle
Chief United States District Judge

Case No.: 1:09-cv-00157-SPM-AK