IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID LAWRENCE BROCK,

    Plaintiff,

v.                                                     CASE NO. 1:09-cv-00157-SPM -GRJ

BOARD OF TRUSTEES, UNIVERSITY
OF FLORIDA, and IKRAMUDDIN AUKHIL,
individually,

    Defendants.

_____/

## O R D E R

       This matter is before the Court on Defendants' Motion For Contempt And Motion To Compel Gary Kanter, M.D. to Appear and Produce Medical Records of Kelly Brock, with Exhibits. (Docs. 71 and 72). Defendants served two subpoenas duces tecum upon Dr. Gary Kanter – one only requesting records and the other requesting a deposition and records. In both subpoenas Defendants requested the production of medical records pertaining to Kelly Brock, the daughter of the Plaintiff. According to Defendants, the records are relevant because the Plaintiff has included in his claim for damages allegations that his daughter's medical condition has been made worse by the actions of the Defendants. Dr. Kanter did not produce any documents or file any objections in response to the subpoenas nor did he appear for his scheduled deposition. According to Defendants, Dr. Kanter did not respond to the subpoenas because he does not produce records without a court order.

       While the motion reflects that it was served upon Plaintiff, the certificate of service does not reflect that the motion was served upon Dr. Kanter, the party against

whom the contempt order is sought. Consequently, the Court does not have the benefit of Dr. Kanter's position and any order of contempt would be invalid without notice and an opportunity to be heard. See Beadwear, Inc. v. Media Brands, LLC, 2001 WL 533715 *2 (S.D.N.Y. 2001) (contempt order held invalid where motion for contempt had not been served on non-party; adequate notice and reasonable opportunity to prepare a defense is required before contempt finding can be made); Fisher v. Marubeni Cotton Corp., 526 F. 2d 1338, 1342 (8th Cir. 1975)("Although the contempt involved in this case was civil in nature and served mainly the purpose of the other litigant, the basic requirements of due process-adequate notice and proper hearing-were still required.")

     A response by Dr. Kanter is particularly important in this case because the Court assumes the reason Dr. Kanter did not produce the medical records without a court order is because of the provisions of the Health Insurance Portability and Accountability Act (HIPAA). While HIPAA did not create a physician-patient or medical records privilege it did create a procedure for obtaining authority to use medical records in litigation. see, United States v. Belk, 493 F.3d 790, 802 (7th Cir. 2007). Generally, under HIPAA a medical provider, like Dr. Kanter, is not permitted to disclose medical records in a judicial proceeding to a third party without the consent of the patient or without a valid court order. There are, however, exceptions to disclosure where the subpoena is not accompanied by a court order. For example, where a the medical provider receives satisfactory assurance from the party seeking the information that reasonable efforts have been made to ensure that the patient has been given notice of the request compliance may be required. See, 45 C.RF.R. §§ 164.512(e)(1)(ii), (iii) & (iv). Defendants have attached to their subpoena a statement that a good faith attempt to

provide written notice was made to the Kelly Brock, the patient, and that a copy of the written notice was attached . (Doc. 72, Exhibit A). The copy of the written notice to the patient, however, is not attached to the certificate of compliance so the Court cannot determine whether Ms. Brock indeed received notice. Consequently, in order for the Court to be fully informed as to whether the motion for contempt should be granted, an opportunity for Dr. Kanter to respond is necessary.

Accordingly, it is **ORDERED:**

Ruling upon Defendants' Motion For Contempt And Motion To Compel Gary Kanter, M.D. to Appear and Produce Medical Records of Kelly Brock (doc. 71) is **DEFERRED**. Defendants are directed to serve a copy of the motion for contempt and a copy of this order upon Dr. Kanter and file with the Court a notice of the date of service of the motion and order. Dr. Kanter shall respond to the motion within fourteen (14) days from the date of service, failing which the Court will enter an appropriate order of contempt.

**DONE AND ORDERED** this 20th day of September, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge